IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Crawford #326526, ) | Civil Action No. 8:15-1362-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS HUNT AND** |
| v. ) | **BITTINGER'S ANSWER TO** |
| ) | **PLAINTIFF'S** |
| Chris Hunt, E. Bittinger, DHO Officer, ) | **AMENDED COMPLAINT** |
| Tony Smith "Captain," Tracy Simms ) | |
| "Contraband Officer," and Sgt. David ) | |
| Craig, *In their individual or personal* ) | |
| *capacites,* ) | |
| ) | |
| Defendants. ) | |

Defendants Christopher Hunt and Edward Bittinger, hereby Answer the Plaintiff's Amended Complaint[1] in the above-captioned matter as follows.

## FOR A FIRST DEFENSE

1. That the Amended Complaint fails to state facts sufficient to constitute any cause of action or any claim upon which relief may be granted against the Defendants.

## FOR A SECOND DEFENSE

2. To the extent that the Court exercises Supplemental Jurisdiction over certain State Court claims, the Plaintiff's purported claims brought against the Defendants are barred by the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et.seq*. (2002 Supp.), which is herewith pled in its entirety, including the doctrine of sovereign immunity as well as all immunities, limitations, and defenses granted or preserved there under, and also including, but not limited to, §§ 15-78-20, 15-78-40, 15-78-60 (and all the

---

[1] Plaintiff's Amended Complaint (Docket Entry #23) was filed on May 29, 2015 and purports to add new Defendants as parties to the case, but does not amend the causes of action as to Defendants Hunt and Bittinger. Counsel is informed and believes that Defendants Smith, Sims and Craig have not been served at the present time.

1

immunities applicable there under), 15-78-70, 15-78-100, 15-78-110, 15-78-120 and 15-78-200, as well as other pertinent immunities and provisions of the Tort Claims Act, which serves and is pled as an affirmative defense.

## FOR A THIRD DEFENSE

3. The Plaintiff's claims are barred by the doctrine of sovereign immunity, which along with the South Carolina Tort Claims Act as hereinabove referenced, are pled and asserted as an affirmative defense and bar to the within action.

## FOR A FOURTH DEFENSE

4. That the South Carolina Tort Claims Act, as hereinabove pled, and S.C. Code Ann. § 15-78-70(c) in particular, serve as and are pled as an affirmative defense and bar to the within action against the Defendants.

## FOR A FIFTH DEFENSE

5. That the South Carolina Tort Claims Act, as hereinabove pled, and S.C. Code Ann. § 15-78-60, and all the immunities applicable in subsections there under contained, serve as and are pled as affirmative defenses and bars to the within action against the Defendants.

## FOR A SIXTH DEFENSE

6. That at all times relevant, the Defendants were acting as officers and officials of the State of South Carolina engaged in the performance of official duties and acting as the alter ego of the State of South Carolina and therefore any allegations made against the Defendants are barred by the Eleventh Amendment to the Constitution of the United States.

## FOR A SEVENTH DEFENSE

7. That at all times relevant, the Defendants, during the performance or non-performance of the acts alleged in the Amended Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives and, therefore, are immune from suit.

## FOR AN EIGHTH DEFENSE

8. That at all times relevant hereto, the Defendants were acting in good faith and within the course and scope of their official duty as agents, employees, officers and officials of the State of South Carolina, and are, therefore, immune from suit based upon the allegations alleged in the Amended Complaint.

## FOR A NINTH DEFENSE

9. These Defendants deny each and every allegation of the Amended Complaint not hereinafter specifically admitted.

10. That the allegations contained in Plaintiff's initial paragraphs of the Amended Complaint entitled "Previous Lawsuits and Place of Present Confinement" appear to be administrative responses to questions proposed by the Court; and therefore, allegations which can neither be admitted nor denied, requiring no response. To any extent that a response may be required, the Defendants admit that the Plaintiff is a prisoner with the South Carolina Department of Corrections and that the Plaintiff's current Amended Complaint appears to assert a federal claim under 42 U.S.C § 1983. The remaining allegations are denied, and the Defendants reassert the doctrine of qualified immunity as well as all of the immunities, limitations, and defenses granted or preserved under the South Carolina Tort Claims Act, which serve as and are pled as an affirmative defense. In addition, as pled above, the Eleventh Amendment and the Prison Litigation Reform Act serve as a bar to this action.

11. The Defendants only admit so much of Paragraphs A, B and C of the paragraphs entitled "Parties" of the original Amended Complaint as allege that the Plaintiff is a prisoner (SCDC #326526) within the South Carolina Department of Corrections (SCDC) serving a sentence imposed by a South Carolina Court of competent jurisdiction; that the Plaintiff is believed to be a resident of the Kershaw Correctional Institution where he is serving a ten-year sentence for armed robbery and cocaine trafficking; that the Defendants were, at all times, acting within the course and scope of their official capacity as employees of the SCDC and in good faith, under the circumstances, presented without any intent to harm or infringe upon or violate the rights of the Plaintiff and, therefore, are immune from suit based on the allegations of the original Amended Complaint. The remaining allegations contained within Paragraphs A, B and C of the original Amended Complaint listing the "Parties" are denied.

12. That only so much of the allegations, which are contained in the original Amended Complaint as listed in Pages 1 through 3 of the "Statement of Claim," are admitted as allege that the Plaintiff is believed to be a current resident of the Kershaw Correctional Institution where he is serving a ten-year sentence for armed robbery and cocaine trafficking; that the Plaintiff is believed to have refused specific directives issued by an SCDC Contraband Officer to remove the Plaintiff's hands from his pockets; that the Plaintiff refused specific directives and is alleged to have lunged toward the Contraband Officer in an attempt to assault the Officer; that Defendant Hunt placed the Plaintiff in a protective hold in an effort to regain control of the situation and maintain discipline within the prison institution; that Plaintiff refused medical treatment following the alleged incident; that Plaintiff was charged and found guilty of refusing to obey direct orders after an administrative hearing by the Disciplinary Hearing Officer; that Inmate Crawford was

afforded an opportunity to file an administrative Grievance for any and all complaints, whether they involved specific instances or general conditions of confinement; and that the Defendants were, at all times, acting within the course and scope of their official capacity as employees of the SCDC and in good faith, under the circumstances, presented without any intent to harm or infringe upon or violate the rights of the Plaintiff and, therefore, are immune from suit based on the allegations of the Amended Complaint.  The remaining allegations contained in the original Amended Complaint within Pages 1 through 3 of the "Statement of Claim" are denied and strict proof is demanded for all allegations contained in any cause of action against the Defendants in the Amended Complaint.

13. That Defendants deny the allegations contained within of the Plaintiff's "Prayer for Relief".

## FOR A TENTH DEFENSE

14. The Defendants assert the Prison Litigation Reform Act as a bar in whole or in part to this action.

## FOR AN ELEVENTH DEFENSE

15. That at all times relevant to the allegations contained in the Amended Complaint, the Defendants were acting in accordance with the specific laws, rules, ordinances, and regulations of the State of South Carolina; and, therefore, are immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the within causes of action.

**FOR A TWELFTH DEFENSE**

16. That the conduct of the Defendants was not the proximate cause of any alleged injuries and damages under any theory advanced for which relief is requested by Plaintiff.

**FOR A THIRTEENTH DEFENSE**

17. That Plaintiff's claims against the Defendants fall outside of the appropriate Statute of Limitations.

**FOR A FOURTEENTH DEFENSE**

18. That this Court lacks jurisdiction of the subject matter of the Plaintiff's claims as to the Defendants.

**FOR A FIFTEENTH DEFENSE AND**
**A DEFENSE TO ALL PUNITIVE RELIEF**

19. That to the extent the Plaintiff claims punitive damages against the Defendants, such an action for punitive damages is barred as a matter of law for a number of reasons, including: the applicable provisions of the Tort Claims Act as pled herein; the due process clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution; an arguable extension of the prohibition of the excessive fines clause of the Eighth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution; and, relevant provisions of the South Carolina Constitution, including but not limited to Article I, Section 3; all of which are asserted as bars to recovery against the Defendants.

**FOR A SIXTEENTH DEFENSE**

20. That at all times relevant to the allegations contained in the Amended Complaint, the Defendants were acting according to and in compliance with specific laws, rules and regulations of the State of South Carolina and SCDC, and are, therefore, immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the causes of action stated within the Amended Complaint.

**FOR A SEVENTEENTH DEFENSE**

21. The South Carolina Tort Claims Act provides that a governmental entity is not liable for loss resulting from the exercise of discretion or judgment or the performance or failure to perform any act which requires discretion or judgment, by reason of which this action may not be maintained against these Defendants.

**FOR AN EIGHTEENTH DEFENSE**

22. That the Defendants are entitled to qualified immunity as their conduct was objectively reasonable in light of clearly established law and that they at no time violated any clearly established constitutional rights, which were known or should have been known to the Defendants.

**FOR A NINETEENTH DEFENSE**

23. That the alleged violation was not sufficiently serious to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement.

**FOR A TWENTIETH DEFENSE**

24. Without admitting any negligence or any liability whatsoever in any form and reserving any and all separately stated defenses, the Defendants allege that even if they were

negligent, careless, grossly negligent, reckless, willful or wanton, which these Defendants deny, the Plaintiff's negligent, careless, grossly negligent, reckless, willful and wanton conduct was in an amount greater than 50% of the alleged negligence of the Defendants, and the Defendants plead comparative negligence and assumption of risk as a bar to this action.

## **FOR A TWENTY-FIRST DEFENSE**

25. That the Defendants did not possess the requisite state of mind of "deliberate indifference" to the Plaintiff's health and safety to satisfy the requirements of an Eighth Amendment claim.

WHEREFORE, having fully answered the Amended Complaint herein, the Defendants demand that the Amended Complaint be dismissed with prejudice; that these Defendants be awarded their costs and attorneys' fees under applicable statutory provisions and authorities; that the Plaintiff be assessed a strike in accordance with 28 U.S.C. § 1915 and that the Court award such other and further relief as deemed just and proper.

Respectfully submitted this 3rd day of June, 2015.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

s/ Caleb Martin Riser
Drew Hamilton Butler, Esquire (Federal ID 8083)
Caleb M. Riser, Esquire (Federal ID 10666)
40 Calhoun Street, Suite 220
Charleston, South Carolina 29401
(843) 805-6550
*Attorneys for Defendants Hunt and Bittenger*

**CERTIFICATE OF SERVICE**

I, Caleb M. Riser, the undersigned employee of Richardson Plowden & Robinson, P.A., attorneys for Defendants., do hereby certify that I have served **Defendants' Hunt and Bittenger's Answer to Plaintiff's Amended Complaint**, in the above-referenced captioned case, by causing a copy of the same to be personally deposited in a United States Postal Service mail box, postage prepaid, with the return address clearly visible, addressed to the attorneys of records as indicated below on June 3, 2015.

        Antonio Crawford (SCDC 326526)
        Kershaw Correctional Institution
        4848 Goldmine Highway
        Kershaw, SC 29067

                                              s/ Caleb Martin Riser
                                              Caleb Martin Riser