IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Crawford #326526, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Chris Hunt, E. Bittinger, DHO Officer, ) <br> Tony Smith "Captain," Tracy Simms ) <br> "Contraband Officer," and Sgt. David ) <br> Craig, *In their individual or personal* ) <br> *capacites,* ) <br> ) <br> Defendants. ) | Civil Action No. 8:15-1362-MGL-JDA <br> <br> **DEFENDANTS HUNT AND BITTINGER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF** |

Defendants Christopher Hunt and Edward Bittinger[1], by and through their undersigned counsel, hereby submit their Memorandum in Opposition to Plaintiff's Motion for Miscellaneous Relief filed on June 18, 2015 (Docket Entry #47). Plaintiff Antonio Crawford SCDC #326526 requests that this Court grant him a transfer to another Institution of the South Carolina Department of Corrections ("SCDC") to separate him from Defendant Christopher Hunt.

Plaintiff filed this litigation pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated by Defendants during an alleged assault on or about January 13, 2014. (See Docket Entry #1, p. 3.) His Complaint further alleges that the Defendants deprived him of certain rights under the United States Constitution during the hearing on the disciplinary charges that resulted from the altercation with SCDC staff on January 13, 2014. (Id. at p. 5.)

With regard to the instant Motion, Plaintiff alleges, without an Affidavit from witnesses or any other corroborating information, that Defendant Hunt arranged for a fellow Corrections Officer to frame the Plaintiff for disciplinary charges that resulted in his incarceration in "lock up" or the Special Management Unit. Plaintiff does not include any specific information

---

[1] Counsel is informed and believes that Defendants Smith, Sims and Craig have not been served at the present time.

1

regarding the disciplinary charges or how he has attempted to resolve the issues informally utilizing SCDC Policy and Procedure. As the allegations in the Motion are unsupported and do not involve the allegations related to Plaintiff's Complaint or Amended Complaint (Docket Entry #23), his Motion should be denied.

## LEGAL AUTHORITY

"While modern authority has considerably broadened prisoner's rights, prison discipline remains still largely within the discretion of the prison authorities and federal courts will interfere only where paramount federal constitutional or statutory rights intervene." Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972). Under the guise of protecting constitutional rights federal courts do not have the power to, and must be careful not to, usurp the responsibility that rests with the executive branch for the management of prisons. Id. "It is only when the deprivations of prison confinement impose conditions of such onerous burdens as to be of constitutional dimensions that courts may intervene in prison management." Id.

Furthermore, it is well established in the 4th Circuit that an inmate does not have a constitutional right to pick his cell mate or decide where he will or will not be housed. Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994) (Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed); Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, …, [or] to receive a particular security classification…."); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.")

Plaintiff's current classification status is an issue for the appropriate disciplinary procedures promulgated by the SCDC and the federal authority cited above makes clear that such dissatisfaction with his classification status does not amount to a constitutional violation. Furthermore, Plaintiff has provided no specific information regarding his disciplinary charges or the involvement of Defendant Hunt in the actions that precipitated his change in status. Even if Plaintiff were articulating a claim of retaliation against Defendant Hunt, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994). An inmate must allege facts showing that his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir.1996); Hughes v. Bedsole, 48 F.3d 1376, 1387 n. 11 (4th Cir.1995). An inmate must also allege facts showing that he "suffered some adversity in response to [his] exercise of [constitutionally] protected rights." Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir.1993). Further, claims of retaliation by inmates are generally regarded with skepticism because "'**[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.**'" Cochran, 73 F.3d at 1317 (quoting Adams, 40 F.3d at 74) (emphasis added).

Moreover, Plaintiff has provided no information regarding his attempts to address his current classification status utilizing SCDC Policies and Procedures. Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Al-Amin v. Bush, No. CA 0:13-1176-BHH-PJG, 2015 WL 1414241, at *3 (D.S.C. Jan. 21, 2015) report and recommendation adopted, No. CIV.A. 0:13-01176, 2015 WL 1400019 (D.S.C. Mar. 25, 2015). Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a

"Step 2 Grievance." Id.  A review from the South Carolina Administrative Law Court ("ALC") is generally part of the available administrative remedies an inmate must exhaust. Id. (citing Furtick v. S.C. Dep't of Corr., 374 S.C. 334, 649 S.E.2d 35, 38 (S.C.2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506 (S.C.2004)).  Plaintiff has failed to produce any information or evidence of exhaustion of his in-house remedies prior to filing the present Motion.

For the reasons stated above, Plaintiff's Motion for Miscellaneous Relief should be denied.

Respectfully submitted this 25th day of June, 2015.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

s/ Caleb Martin Riser
Drew Hamilton Butler, Esquire (Federal ID 8083)
Caleb M. Riser, Esquire (Federal ID 10666)
40 Calhoun Street, Suite 220
Charleston, South Carolina 29401
(843) 805-6550
*Attorneys for Defendants Hunt and Bittenger*

**CERTIFICATE OF SERVICE**

I, Caleb M. Riser, the undersigned employee of Richardson Plowden & Robinson, P.A., attorneys for Defendants., do hereby certify that I have served **Defendants' Memo in Opp to Plaintiff's Motion for Miscellaneous Relief**, in the above-referenced captioned case, by causing a copy of the same to be personally deposited in a United States Postal Service mail box, postage prepaid, with the return address clearly visible, addressed to the attorneys of records as indicated below on June 25, 2015.

> Antonio Crawford (SCDC 326526)
> Kershaw Correctional Institution
> 4848 Goldmine Highway
> Kershaw, SC 29067

> s/ Caleb Martin Riser
> Caleb Martin Riser