

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ANTONIO CRAWFORD,                         § <br> Plaintiff,             § <br>                             § <br> vs.                         § <br>                             § <br> CHRIS HUNT, Sgt.; E. BITTINGER, DHO; § <br> TONY SMITH, Captain; TRACY SIMS,     § <br> Contraband Officer; and DAVID CRAIG III, § <br> Sgt., *in their individual or personal capacities*, § <br> Defendants.              § | CIVIL ACTION NO. 8:15-01362-MGL |

ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT CRAIG'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING DEFENDANTS HUNT, BITTINGER, SMITH,
AND SIMS'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this case as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant Craig's motion for summary judgment be granted and Defendants Hunt, Bittinger, Smith, and Sims's motion for summary judgment be granted in part and denied in part. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 2, 2016, ECF No. 106, and on June 9, 2016, the Court appointed Mr. C. Fredric Marcinak and Ms. Emily I. Bridges from the Greenville, South Carolina, office of Smith Moore Leatherwood LLP as Plaintiff's counsel in this matter, ECF No. 108. Plaintiff and Defendants Hunt and Bittinger filed their objections to the Report on July 11, 2016. ECF Nos. 118, 119. Plaintiff then filed a reply to Defendants' objections on July 28, 2016. ECF No. 122. The Court has reviewed the parties' objections, and finds Plaintiff's to be meritorious but finds Defendants' to be without merit. Therefore, it will enter judgment accordingly.

As a starting point, Plaintiff fails to object to the Magistrate Judge's recommendation that Defendant Craig's motion for summary judgment be granted. ECF No. 118 at 1. Therefore, the Court will grant Defendant Craig's motion for summary judgment.

Turning next to Plaintiff's objections to the Report, Plaintiff argues that the Magistrate Judge erred in suggesting that the Court grant Defendants Smith and Sims's motion for summary judgment. *Id.* Plaintiff asserts that he has set forth genuine issues of material fact on his Eighth Amendment failure to protect claim against Defendants Smith and Sims. *Id.* at 2-6. Specifically, Plaintiff avers that he has satisfied the objective component of the failure to protect claim by demonstrating a genuine issue of material fact as to a substantial risk of physical or emotional injury from the underlying incident. *Id.* at 3. Plaintiff also contends that he has he has met the subjective component of the failure to protect claim because the circumstantial evidence allows the inference that Defendants Smith and Sims's state of mind was that of deliberate indifference toward Plaintiff.

*Id.* at 4.  Based on these arguments, Plaintiff objects to the Magistrate Judge's recommendation that Defendants Smith and Sims are entitled to qualified immunity.  *Id.* at 5.

For a failure to protect claim under the Eighth Amendment to survive summary judgment, a plaintiff must first "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury," or a "substantial risk" thereof.  *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (internal quotation marks omitted); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A plaintiff must also show that the prison official had a "sufficiently culpable state of mind," which, in this context, consists of "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).  This state of mind can be inferred from circumstantial evidence, meaning that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Id.* at 842.

The record in this case leaves the Court of the unmistakable view that Plaintiff has presented genuine issues of material fact on his failure to protect claim against Defendants Smith and Sims sufficient to survive summary judgment.  Taking the facts in the light most favorable to Plaintiff, the Court holds that there exist genuine issues of material fact as to whether Defendant Hunt's actions placed Plaintiff at a substantial risk of serious or significant physical or emotional injury. Notably, Plaintiff alleges Defendant Hunt twisted his arm, pushed him against a wall, and then clipped him to the floor so that he landed on his stomach.  ECF No. 23-1 at 3.  Additionally, the Court holds that Plaintiff has raised a genuine issue of material fact as to whether Defendants Smith and Sims acted with deliberate indifference toward Plaintiff, as the circumstantial evidence permits this inference.  After all, according to Plaintiff, Defendants Hunt, Smith, and Sims failed to follow proper protocol prior to using excessive force against Plaintiff, because "[n]o first responders [were

3

called] or pepper spray use[d,] which is protocol if an inmate is causing resistance and won[']t comply." ECF No. 98 at 1.  Consequently, because Plaintiff has established genuine issues of material fact as to whether Defendants Smith and Sims violated his Eighth Amendment rights, and the courts have clearly established the law on this matter, a reasonable person in the position of Defendants Smith and Sims would have known their alleged failure to intervene and protect Plaintiff violated his Eighth Amendment rights.  *See Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992) (setting forth the test for qualified immunity).  They are thus unentitled to qualified immunity in their individual capacities.  Therefore, the Court declines to adopt the portion of the Magistrate Judge's Report, ECF No. 106, that recommends that Defendants Smith and Sims's motion for summary judgment be granted and that they are entitled to qualified immunity.  Accordingly, the Court will deny their motion for summary judgment.

The Court will now turn to Defendants Hunt and Bittinger's objections to the Report.  First, Defendant Hunt insists that the Magistrate Judge erred in recommending that his motion for summary judgment be denied.  ECF No. 119 at 9-14.  In particular, Defendant Hunt claims that Plaintiff has not refuted the affidavits and other supporting evidence submitted by him, which purportedly establish that he used only a reasonable amount of force to secure Plaintiff in light of Plaintiff's resistance and refusal to obey his orders.  *Id.* at 11.  Moreover, Defendant Hunt insists that Plaintiff's excessive force claim must fail because the unrefuted evidence he submitted establishes that Plaintiff suffered no injury as a result of the force used.  *Id.* at 12.

Defendant Hunt's contentions are without merit.  Contrary to his argument, Plaintiff relied on more than the mere allegations in the Complaint to refute the evidence presented by Defendant

4

Hunt. Specifically, Plaintiff relied on the incident investigation report wherein Defendant Craig reported facts in favor of Plaintiff. ECF No. 94-5 at 3.

In the incident investigation report, although Defendant Craig notes he failed to observe the events leading up to Defendant Hunt's use of force, he states that Plaintiff "showed no signs of aggression and was mild mannered." *Id.* Further, Defendant Craig "thought the actions of [Defendant] Hunt were uncalled for." *Id.* The Magistrate Judge utilized this report in her analysis of whether the subjective component of Plaintiff's Eighth Amendment excessive force claim met the requirements of *Whitley v. Albers*, 475 U.S. 312, 321 (1986), and found in the affirmative. ECF No. 106 at 9-12. This Court holds that Defendant Craig's statement, taken in conjunction with Plaintiff's allegations, creates a genuine issue of material fact as to whether Defendant Hunt "acted with a sufficiently culpable state of mind." *See Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (internal quotation marks omitted) (setting forth the elements of an Eighth Amendment excessive force claim).

Moreover, the objective inquiry of an excessive force claim, whether "the deprivation suffered or injury inflicted on the inmate was sufficiently serious," *id.*, focuses not on the severity of any injuries inflicted, but rather on the "nature of the force," which must be "nontrivial." *Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010). Although there must be some evidence of an injury, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* at 38. Thus, it is "the nature of the force, rather than the extent of the injury," that is the "relevant inquiry." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013). Where, as here, Plaintiff's Complaint and medical records indicate he sought medical assistance following the incident and that the prison medical staff saw him several times for complaints of neck pain, ECF Nos. 94-4, 95-5, the Court holds that

Plaintiff has established a genuine issue of material fact as to whether the objective component of Plaintiff's Eighth Amendment excessive force claim has been met. Consequently, because Plaintiff has established a genuine issue of material fact regarding both the subjective and objective components of his Eighth Amendment excessive force claim, the Court will deny Defendant Hunt's motion for summary judgment.

Second, Defendant Bittinger objects to the Magistrate Judge's suggestion that his motion for summary judgment be denied. ECF No. 119 at 9-10, 14-19. Defendant Bittinger asseverates that Plaintiff's disciplinary hearing wherein he lost canteen, telephone, and visitation privileges failed to implicate a liberty interest triggering procedural due process protections. *Id.* at 14. Additionally, Defendant Bittinger urges that Plaintiff's loss of good-time credits cannot give rise to a claim for monetary relief under 42 U.S.C. § 1983 resulting from procedural defects at his disciplinary hearing. *Id.* at 16. Further, Defendant Bittinger avouches that Plaintiff failed to sign the charging document when served, resulting in the waiver of his right to call witnesses at the disciplinary hearing, pursuant to South Carolina Department of Corrections policy. *Id.* at 17. Finally, Defendant Bittinger alleges that Plaintiff has neglected to establish prejudice by the inability to call witnesses at his disciplinary hearing. *Id.* at 18.

Defendant Bittinger's objection is likewise without merit. As set forth in the South Carolina Code,

> [a]n inmate convicted of an offense against [the state of South Carolina] . . . and sentenced to the custody of the Department of Corrections, whose record of conduct shows that he has faithfully observed all the rules of the institution where he is confined and has not been subjected to punishment for misbehavior, is entitled to a deduction from the term of his sentence beginning with the day on which the service of his sentence commences to run.

S.C. Code Ann. § 24-13-210(A). The statute further provides that if that inmate "commits an offense or violates one of the rules of the facility during his term of imprisonment, all or part of the good conduct credit he has earned may be forfeited in the discretion of the Director of the Department of Corrections" or the local official having charge of the inmate. *Id.* § 24-13-210(D).

"[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). "[T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.*

It is uncontroverted that in order to take away statutory good-time credits during disciplinary proceedings, the following minimum procedural due process safeguards must be met: (1) advance written notice of the charges, (2) written findings, and (3) generally, the right to call witnesses. *Id.* at 563-66.

Plaintiff requested that he be allowed to call Defendant Craig, who at the time of the subject incident and disciplinary hearing was an officer of the prison, as a witness in his hearing. ECF No. 119 at 6. At the conclusion of Plaintiff's disciplinary hearing, Defendant Bittinger sanctioned him to "180 days loss of canteen, phone, [and] visitation [privileges]; 90 days disciplinary detention; [and] six days loss of good time." *Id.* at 15 (internal quotation marks omitted). Because Defendant Bittinger punished Plaintiff with the loss of good-time credits, he had a qualified right to call

witnesses at his hearing, and Defendant Bittinger had the discretion to deny Plaintiff's request for a witness "where legitimate penological interests [justify] excluding a witness." *See Brown v. Braxton*, 373 F.3d 501, 505 (4th Cir. 2004). Here, there is a genuine issue of material fact as to whether there was a legitimate penological interest for refusing Plaintiff's requested witness. ECF No. 106 at 16.

Defendant Bittinger cites *Edwards v. Balisok*, 520 U.S. 641 (1997), to support his proposition that the Court should disallow Plaintiff's claim because Plaintiff's prevailing on this claim would necessarily imply the invalidity of the revocation of his good-time credits. ECF No. 119 at 16-17. The Court is unwilling to yield to the force of this argument.

According to *Edwards*, § 1983 is unable to serve as a conduit through which a prisoner can seek relief for violations of the Fourteenth Amendment in a disciplinary hearing resulting in the loss of good-time credits that, if successful, would implicitly suggest the invalidity of the prisoner's punishment. 520 U.S. at 645-46.

Here, Plaintiff "seek[s] monetary damages in the sum of $15,000 . . . to $20,000 . . . for punitive, emotional, mental[,] and physical damage and/or injury sustained in this incident and that [he] receive any medical treatment necessary to comfort [him] in [his] distress." ECF No. 23-1 at 6. Nowhere in Plaintiff's claim for relief does he seek restoration of his good time credits. Therefore, Plaintiff's "challenge . . . threatens no consequence for his conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). That is, Plaintiff's "§ 1983 suit challenging [his disciplinary hearing cannot] . . . be construed as seeking a judgment at odds with his [underlying] conviction or with the State's calculation of time to be served in accordance with the underlying sentence." *Id.* at 754-55. Accordingly, the Court holds that a § 1983

action such as Plaintiff's claim "challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by . . . *Edwards*." *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999).

In addition, Defendant Bittinger incorrectly states there is no dispute in the record that Plaintiff failed to sign the charging document when served. ECF No. 119 at 18. The charging document includes a notation that Plaintiff refused to sign it when it was served, but it also unquestionably shows Plaintiff's signature, dated "01/17/14," which is the same day Sergeant Jackie Truesdale served him. ECF No. 94-6 at 4. Therefore, whether Plaintiff signed the charging document is disputed, and this fact raises a genuine issue of material fact as to whether Defendant Bittinger denied Plaintiff's procedural due process rights by Defendant Bittinger's denial of Plaintiff's ability to call Defendant Craig as a witness at his disciplinary hearing.

Further, the Magistrate Judge noted that it appears Defendant Craig's testimony "would have been advantageous at Plaintiff's disciplinary hearing." ECF No. 106 at 15. Taking the facts in the light most favorable to Plaintiff, the Court holds that genuine issues of material fact exist on Plaintiff's Fourteenth Amendment procedural due process claim against Defendant Bittinger. Therefore, the Court will also overrule his objection, and the Court will deny Defendant Bittinger's motion for summary judgment.

Because the Court holds that genuine issues of material fact exist on Plaintiff's Eighth Amendment excessive force claim against Defendant Hunt and on Plaintiff's Fourteenth Amendment procedural due process claim against Defendant Bittinger, and the courts have clearly established the law on these matters, these Defendants are likewise unentitled to qualified immunity in their individual capacities. *See Pritchett*, 973 F.2d at 312 (explaining the test for qualified immunity).

9

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Plaintiff's objections, overrules Defendants' objections, declines to adopt the portion of the Report that recommends that Defendants Smith and Sims's motion for summary judgment be granted, adopts the remainder of the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant Craig's motion for summary judgment is **GRANTED** and Defendants Hunt, Bittinger, Smith, and Sims's motion for summary judgment is **DENIED**.

Finally, on or preferably before Wednesday, August 17, 2016, counsel for the parties shall submit to the Court a joint proposed consent amended scheduling order.

**IT IS SO ORDERED**.

Signed this 11th day of August, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
